### FLORIBEC v. GUSDORF
No. 79-392-AP
Circuit Court, Eleventh Circuit, Appellate Division
August 31, 1981

James M. Stark of Glass, Rastatter, Stark & Tarlowe, for appellant.

Lewis A. Gusdorf, in proper person, for appellee.

Before JORGENSON, GODERICH, and SALMON.

The Appellant ("Landlord") sued the Appellee ("Tenant") for unpaid rent due for the last four months of a written lease.* The Tenant

---

*The monthly rent was $395.00. The complaint claimed that rent for two months was unpaid; the claim was later amended, apparently without objection, to cover rent for four months.

admitted that rent was not paid for the four month period. He presented two defenses: (a) his security deposit equaled two months rent, and (b) the lease was terminated, either by agreement or events which amounted to a termination by the Landlord, and he vacated the premises pursuant to that termination.

The trial judge agreed with the Tenant, and denied the Landlord all relief; we conclude that he was in error.

Although we find no basis to apply the Tenant's security deposit to payment of rent, we find that this error was harmless. The premises had been vacated at the time the action was heard, and Landlord's counsel announced that the premises had been inspected, and no damages had been found. To require the Tenant to pay two months rent, and then seek return of his security deposit seems unwarranted. We will not disturb that part of the judgment which denied relief for the first two months rent.

We do not agree that the lease was terminated, either by agreement or by action of the Landlord. The Tenant's claim is based upon the fact that the Landlord had sent notice that the building in which Tenant's apartment was located was being converted to condominium. Subsequent to that notice, meetings and conversations took place between the Landlord, Tenant, and other tenants in the building, but none of those resulted in termination of the lease.

The Tenant maintains that because of the Landlord's conversion plans the Tenant found himself in a position that his lease (which would soon expire) would not be renewed, he was forced to seek lodgings elsewhere, he needed to do that as soon as possible, and therefore his lease was, or ought to be terminated. While we understand the Tenant's plight, we find no justification, as a matter of law, to terminate a valid written lease under the circumstances of this case.

Accordingly, we affirm in part, and reverse in part, and remand to the County Court with instructions to enter judgment in favor of the Landlord for damages accruing because of non-payment of rent for the last two months of the lease.

JORGENSON and GODERICH, Judges, concur.